**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

AMERISURE INSURANCE COMPANY,
A Foreign Corporation,

Plaintiff,

CASE NO. ____________________

ORANGE & BLUE CONSTRUCTION, INC.,
a Florida Corporation; EPOCH PROPERTIES, INC.,
a Florida Corporation; CL&B CONTRACTING, INC.,
a Florida Corporation; SANDI CONSTRUCTION, INC.,
a Florida Corporation; and MARIA ELENA SERVELLON
TEJEDA, as Personal Representative of the Estate of JOSE
TEJEDA, deceased,

Defendants.
______________________________________/

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff, AMERISURE INSURANCE COMPANY, by and through its undersigned counsel to file this, its Complaint for Declaratory Judgment against Defendants, EPOCH PROPERTIES, INC., a Florida Corporation; ORANGE & BLUE CONSTRUCTION, INC., a Florida Corporation; CL&B CONTRACTING, INC., a Florida Corporation, and SANDI CONSTRUCTION, INC., a Florida Corporation; and MARIA ELENA SERVELLON TEJEDA, As Personal Representative of the Estate of JOSE TEJEDA, deceased, and alleges as follows:

**PARTIES**

1. The Plaintiff, AMERISURE INSURANCE COMPANY ("AMERISURE") is a Michigan corporation with its principal place of business located at 26777 Halsted Road, Farmington Hills, MI 48333. AMERISURE is duly registered and authorized to transact and

conduct business in the State of Florida.

2. Defendant, ORANGE & BLUE CONSTRUCTION, INC. ("ORANGE & BLUE") is a Florida corporation duly organized and existing pursuant to applicable Florida law, having its principal place of business in Palm Beach County, Florida.

3. Defendant, EPOCH PROPERTIES, INC. ("EPOCH") is a Florida corporation duly organized and existing pursuant to applicable Florida law, having its principal place of business in Orange County, Florida.

4. Defendant, CL&B CONTRACTING, INC. ("CL&B") was and is a corporation duly organized and existing pursuant to applicable Florida law, having its principal place of business in Charlotte County, Florida.

5. Defendant, SANDI CONSTRUCTION, INC. ("SANDI") was and is a corporation duly organized and existing pursuant to applicable Florida law, having its principal place of business in Broward County, Florida.

6. Defendant, MARIA ELENA SERVELLON TEJEDA, is an individual who is the Personal Representative of the Estate of JOSE TEJEDA, deceased. At all times material hereto, decedent JOSE TEJEDA, was a resident of Miami-Dade County.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00 and involves parties of diverse citizenship.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## STATEMENT OF CLAIM

9. This is an action by AMERISURE for declaratory relief pursuant to 28 U.S.C.A. § 2201 to declare the rights, status and legal relations of AMERISURE under a policy of commercial general liability insurance issued to insure the business operations of ORANGE & BLUE pursuant to its work as a concrete contractor in Florida.

10. The commercial general liability insurance policy issued by AMERISURE to insure the business operations of ORANGE & BLUE was Commercial General Liability policy number GL 2009112020005 for the policy period from March 12, 2005 through March 12, 2006 (hereinafter, "POLICY"). A true and correct copy of the POLICY is attached hereto and fully incorporated herein as Exhibit "A".

11. At all times material hereto, EPOCH served as the general contractor with regard to the construction of an apartment complex Portofino at Lakes of Laguna- Phase II Project (hereinafter the "PROJECT") located at 4400 Porto Fino Way, West Palm Beach, Florida (hereinafter "the "PROPERTY").

12. EPOCH entered into a subcontract with ORANGE & BLUE in order to complete the building shell for the PROJECT.

13. ORANGE & BLUE subcontracted most of its work for the PROJECT.

14. On May 20, 2005, ORANGE & BLUE retained CL&B to perform concrete work at the PROJECT.

15. CL&B then subcontracted portions of its work to SANDI.

16. At all times material hereto, JOSE TEJEDA was allegedly an employee of SANDI.

17. At all material times hereto, the decedent, JOSE TEJEDA worked at the jobsite of

the PROJECT, installing and removing form work.

18. On or about December 20, 2005, JOSE TEJEDA, while working within the scope of his employment by SANDI, fell backwards from an unsecured ladder, and struck his head on the concrete.

19. On March 13, 2006, JOSE TEJEDA died of complications from the injury.

20. JOSE TEJEDA was an employee of SANDI who was eligible for workers' compensation benefits.

21. The medical expenses for JOSE TEJEDA's care exceed $650,000.00.

22. On or about March 11, 2008, MARIA ELENA SERVELLON TEJEDA, As Personal Representative of the Estate of JOSE TEJEDA (hereinafter "TEJEDA") filed a wrongful death action against EPOCH, CL&B AND SANDI ("the Litigation") in the Circuit Court of the Fifteenth Judicial Circuit, Case No. 50 2008 CA 006953, for negligence, an intentional tort, and damages for the resulting death of JOSE TEJEDA.

23. TEJEDA filed a Fourth Amended Complaint in the Litigation. A true and correct copy of the Fourth Amended Complaint is attached hereto as Exhibit "B."

24. EPOCH has filed a crossclaim in the Litigation against CL&B for breach of contract, contractual indemnity, common law indemnity and contribution.

25. EPOCH tendered the original complaint, amended complaint, second amended complaint, third amended complaint and fourth amended complaint to AMERISURE seeking coverage under the Policy.

26. EPOCH has demanded that AMERISURE provide insurance coverage to EPOCH and provide a defense and indemnity to EPOCH for the Fourth Amended Complaint filed by TEJEDA against EPOCH, CL&B, and SANDI.

27. Pursuant to the CG 7048 0304 Contractors Blanket Additional Inusred Endorsement contained in the POLICY, EPOCH is considered an "additional insured."

28. By letters dated November 19, 2008 and December 16, 2010, AMERISURE acknowledged EPOCH'S tender of the Litigation, and agreed to provide EPOCH with a defense pursuant to a full reservation of rights. AMERISURE further advised EPOCH that exclusions "a", "b", "d" and "e" in the POLICY applied to preclude coverage for the claim.

29. The POLICY, Commercial General Liability Coverage Form CG 00 01 10 01, provides as follows:

"SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
   (2) Our right and duty to defend ends when we have used up the applicable limit insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
   (2) The "bodily injury" or "property damage" occurs during the policy period."

30. Additionally, the POLICY, Commercial General Liability Coverage Form CG 00 01 10 01, includes the following pertinent exclusions which provide that there is no coverage for:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

"a. Expected or Intended Injury
"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property."

b. Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
    (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
    (b) Such attorneys fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

d. Workers' Compensation and Similar Laws
Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law;

and

e. Employer's Liability
"Bodily injury" to:
(1) An "employee" of the insured arising out of and in the course of:
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury."

COVERAGE C- MEDICAL PAYMENTS

"d. Workers' Compensation and Similar Laws
To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law."

31. AMERISURE contends that the POLICY does not provide coverage pursuant to exclusion "a" as intentional acts do not meet the definition of an "occurrence" under the POLICY.

32. AMERISURE contends that the POLICY does not provide coverage pursuant to exclusion "b" as any indemnity language contained in the contract between EPOCH and ORANGE & BLUE may not be valid and therefore would not be considered an "insured contract."

33. AMERISURE contends that the POLICY does not provide coverage pursuant to exclusions "d" and "e" as JOSE TEJEDA was an employee of SANDI, and a "statutory employee" of EPOCH, within the meaning of the POLICY.

34. ORANGE & BLUE, CL&B and SANDI have or may have an interest in the subject matter of this action that might be affected by the declaratory relief sought by Plaintiff and accordingly are named as nominal defendants in this declaratory judgment action.

35. As a result of the foregoing, an immediate, real, substantial and continuing controversy exists between AMERISURE and EPOCH concerning whether or not the POLICY provides coverage to EPOCH.

36. The controversy is of sufficient immediacy and reality to justify the issuance of a declaratory judgment.

37. The issuance of declaratory relief by this Court will terminate all or most of the existing controversy between the parties as it pertains to the POLICY. It will serve an immediate and useful purpose in settling the legal relations of parties with adverse legal interests.

38. Each Defendant is a party necessary or proper for obtaining complete adjudication of this controversy concerning the respective rights and duties of the parties under the POLICY.

39. A practical need exists for resolution of the dispute concerning the rights, status and obligations of the parties under the POLICY.

40. The declaratory judgment sought herein will afford the parties relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMERISURE INSURANCE COMPANY seeks a declaratory judgment and other relief against Defendants, EPOCH PROPERTIES, INC.; ORANGE & BLUE CONSTRUCTION, INC.; CL&B CONTRACTING, INC.; and SANDI CONSTRUCTION, INC., declaring and adjudicating whether AMERISURE has any liability under the POLICY for the claims of EPOCH and if so, the extent thereof along with such other and further relief as the nature of its cause may require.

Respectfully submitted this 27 day of January, 2011.

**GURLEY & ASSOCIATES**
601 South Osprey Avenue
Sarasota, Florida 34236
Telephone: (941) 365-4501;
Facsimile: (941) 365-2916
dgurley@gurleyassociates.com
Attorneys for Amerisure Insurance Company

David E. Gurley
Florida Bar No. 402214